UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>  v.<br><br>JESUS OCTAVIO ARREOLA-BELTRAN,<br><br>                Defendant. | Case No. 1:11-cr-00096-BLW<br><br>**ORDER ON MOTION TO CORRECT SENTENCE** |

Before the Court is Defendant's Motion to Correct Sentence (Dkt. 168). The government has filed a Response (Dkt. 169). The Court being familiar with the record, and having reviewed the pleadings before it, will deny the motion for reasons stated below.

## BACKGROUND

Defendant was found guilty following a jury trial, of conspiracy to possess with intent to distribute methamphetamine, and possession with intent to distribute methamphetamine. *Jury Verdict*, Dkt. 122. The Court sentenced Defendant on April 12, 2012, to a term of 240 months for each of two counts, to run concurrently. *Minute Entry*, Dkt. 163. Defendant's sentence was based in part on the Court's finding that Defendant was present in the United States solely to facilitate the distribution of controlled

substances. Defendant argues that in reaching that conclusion the Court relied, at least in part, on Defendant's plea of guilty to drug distribution charges in state court, which has – since his sentencing in this case – been dismissed. According to Defendant, given this recent dismissal of state court charges, his sentence is the result of clear error that should be corrected under Federal Rule of Criminal Procedure 35(a).

## DISCUSSION

Defendant is correct that this Court based his sentence in part on a finding that Defendant's sole purpose in coming to the United States was the distribution of drugs, or facilitation of that purpose. However, the Court disagrees with the Defendant's contention that dismissal of his state court charges warrants reconsideration of this Court's sentence.

In sentencing the Defendant, the Court did not anticipate that a judgment and sentence would be entered on Defendant's state court charges. Indeed, the Court was aware at the time of the sentencing, that the Defendant had filed a motion to withdraw his guilty plea in state court. The Court fully anticipated that the motion to withdraw the guilty plea would be granted and the state charges would be dismissed, since pursuing those charges to trial may well have been perceived as a waste of limited prosecutorial resources, give the 20 year sentence which the Defendant received in this case.

Importantly, the dismissal of the state court charges does not undermine the Defendant's admission – through his guilty plea – to the conduct that formed the basis for

the state court charges. In sentencing Defendant, this Court properly relied on Defendant's admission to involvement in the sale of methamphetamine.

For these reasons, the Court finds no error in its sentencing of Defendant. There is no basis to re-sentence Defendant; thus, the Motion to Correct Sentence will be denied.

## ORDER

**IT IS ORDERED THAT** Defendant's Motion to Correct Sentence (Dkt. 168) is **DENIED**.

DATED: April 30, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court